

# THE ATTORNEY GENERAL
# OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

November 5, 1970

Honorable Robert S. Calvert
Comptroller of Public Accounts
State Finance Building
Austin, Texas

Opinion No. M- 722

Re: Taxability of bank shares
of stock for ad valorem tax
purposes under Articles 7165
or 7166, Vernon's Civil
Statutes, where the bank
is not doing business.

Dear Mr. Calvert:

The question presented in this request involves the taxability for the year 1970 of shares of stock of a state banking corporation which on January 1, 1970, was not doing business in Texas. More specifically the question states:

"Whether shares of stock in a state bank represented by instruments in writing issued on December 15, 1969, and contracts forming an integral part thereof, are taxable for ad valorem tax purposes as shares of stock under Articles 7165 and 7166, Vernon Civil Statutes, for the year 1970, when the bank was not authorized to commence operations as a bank until (1) all conditions precedent of the State Department of Banking were met, and (11) all agreements and contracts among the principal organizers with its conditional shareholder respecting whether the bank would commence were complied with, and which bank in fact did not commence operation until January 19, 1970, such conditions to operate not being fully satisfied until such date."

The statutes dealing with ad valorem taxation of banks and bank stock are Articles 7165 and 7166, Title 122, Taxation, Vernon's Civil Statutes, which read in part:

Article 7165:

"Every bank, whether of issue or deposit,...shall at the time fixed by this chapter for listing personal property, make out and furnish the assessor of taxes a sworn statement showing:

. . .

"4. All other banks, (other than national banks)...
shall render their list in the following manner:

. . .

"5. All other property belonging or appertaining
to said bank or business, including both personal
property and real estate, shall be listed as other
personal property and real estate." (language
in parenthesis ours)

Article 7166:

"Every banking corporation, State or national, doing
business in this State shall,...render its real estate
to the tax assessor at the time and in the manner
required of individuals. At the time of making such
rendition the president or some other officer of said
bank shall file with said assessor a sworn statement
showing the number and amount of the shares of said
bank,... Every shareholder of said bank shall,...
render at their actual value to the tax assessor
all shares owned by him in such bank;... Each share
in such bank shall be taxed only for the difference
between its actual cash value and the proportionate
amount per share at which its real estate is assessed...."
(emphasis added).

Each of these two statutes, on their face, would seem to
require the rendition of real estate and personal property. This,
however, is not the case as the Court in City of Marshall v. State
Bank of Marshall, 127 S.W. 1083 (Tex.Civ.App. 1910, error refused),
construed these statutes, taken together, to mean that Article
7166, supra, operates:

"...to except incorporated state banks from
the provisions of Article 5079, (now article
7165) in so far as that article may be relied
on as a basis of assessing the personal property
of such banks." (page 1086) (language in
parenthesis ours).

From the construction given to Article 7166, supra, it is evident that said Article must be looked to alone, in determining the taxability of shares of stock of a banking corporation. This Article is limited in its application to corporations doing business in Texas. The banking corporation described in this request did not commence its business operations until January 19, 1970. On January 1, 1970, when the 1970 ad valorem taxes were assessed, the banking corporation was not doing business in Texas; therefore, its shares of stock outstanding were not required to be rendered by the shareholders of said bank under Article 7166, supra.

Where the shareholder is not required to render for taxation it also follows that he cannot be compelled to pay taxes upon the authority of Article 7166, supra. City of Marshall v. State Bank of Marshall, supra. The banking corporation is not required to render its issued and outstanding shares and is therefore not taxable on these shares. The banking corporation is not required to render such property under Article 7166, supra, and the taxation of its personal property is excepted from the provisions of Article 7165, supra.

The request limits its inquiry to the taxability of the bank shares of stock under only Articles 7165, and 7166, supra.

## SUMMARY

Shares of stock of a banking corporation are not taxable for ad valorem tax purposes under Article 7165, Title 122, Taxation,V.C.S.; nor are they taxable for 1970 under Article 7166 of that Title where the corporation was not doing business in Texas on January 1, 1970.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Hon. Robert S. Calvert, page 4 (M- 722)

Prepared by Wardlow Lane
Assistant Attorney General

APPROVED:

OPINION COMMITTEE

Kerns Taylor, Chairman
Bill Allen, Co-Chairman
Harriet Burke
Max Hamilton
Bob Flowers
Jack Goodman

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant